**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NIKIDA JONES, | : | Civil Action No. |
|      **Plaintiff,** | : | |
| | : | |
|   **v.** | : | **Complaint and Jury Demand** |
| | : | |
| COLONIAL SECURITY SERVICES, | : | |
|      **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Nikida Jones (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Colonial Security Services (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing in Philadelphia, PA.

3. Upon information and belief, Defendant Colonial Security Services is a provider of security services with a location and corporate headquarters located at 18 W Evergreen Avenue,

Philadelphia, PA 19118.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

**JURISDICTION AND VENUE**

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original

2

jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under the ADA, Title VII, the PHRA and the PFPO.

13. On or about October 18, 2024, Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability and gender discrimination as well as retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2025-00697 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated May 8, 2026.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA and PFPO claims.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

### PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is female.

21. On or around April 25, 2024, Defendant hired Plaintiff in the position of Security Guard.

22. Plaintiff was well qualified for her position and performed well.

### PLAINTIFF IS CONSIDERED TO BE DISABLED

23. Plaintiff is a "qualified individual with a disability" as that term is defined under the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO") because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities, including breathing, or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

24. Plaintiff suffered three (3) medical strokes throughout her life.

### PLAINTIFF'S SUPERVISOR SUBJECTED PLAINTIFF TO A HOSTILE WORK ENVIRONMENT

25. Since the start of her employment with Defendant, Quadir Wallace-Streeter, Field Supervisor, subjected Plaintiff to a hostile work environment based on discrimination.

26. First, Wallace-Streeter referred to Plaintiff as "the one with the stroke face."

27. Further, Wallace-Streeter repeatedly referenced Plaintiff's incarcerated husband in a negative manner.

28. For example, when Plaintiff received a call from her husband, Wallace-Streeter stated, in front of Plaintiff's counterparts, including Lonnie Last Name Unknown ("LNU") (male),

4

Security Guard, that Plaintiff "only [has] three minutes on the call with the jailbird," or words to that effect.

29. Plaintiff repeatedly told Wallace-Streeter to stop making these comments.

30. Wallace-Streeter continued to ridicule and embarrass Plaintiff in front of her counterparts.

## WALLACE-STREETER DISCRIMINATED AGAINST PLAINTIFF DUE TO HER GENDER

31. Moreover, on at least three (3) occasions, Wallace-Streeter told Plaintiff to tuck in her work shirt.

32. This made Plaintiff uncomfortable, as her figure would be shown if her shift was tucked.

33. Plaintiff reminded Wallace-Streeter that Defendant's policy was that females did not need to tuck in their shirts.

34. Wallace-Streeter became increasingly agitated with Plaintiff and yelled at her for not doing as he said.

## PLAINTIFF COMPLAINED TO A SUPERVISOR ABOUT WALLACE-STREETER'S DISCRIMINATORY HARASSMENT

35. In or around early July 2024, Plaintiff complained in person to Dominique LNU, Supervisor, about Wallace-Streeter's discriminatory conduct.

36. Plaintiff complained that Wallace-Streeter created a hostile work environment that made it hard for Plaintiff to work under him.

37. Dominique stated that she understood where Plaintiff was coming from.

## PLAINTIFF COMPLAINED TO HUMAN RESOURCES ABOUT WALLACE-STREETER'S DISCRIMINATORY HARASSMENT

38. In or around early July 2024, Plaintiff also complained in person to Jenna Brady, Human Resources, about Wallace-Streeter's discrimination and the hostile work environment.

39. Brady informed Plaintiff that she would look into her complaint.

## DEFENDANT TERMINATED PLAINTIFF

40. On or about July 11, 2024, Brady called Plaintiff.

41. Brady abruptly terminated Plaintiff's employment.

42. Brady stated the reason for Plaintiff's termination was that she failed the background check she did at the time of her hire months prior.

43. These background check results had never been brought up before.

44. Further, Plaintiff has no criminal history that would have produced a failed background check.

45. Defendant discriminated against Plaintiff due to her disability and gender and retaliated against her for complaining of disability and gender discrimination in violation of the ADA, Title VII, the PHRA and the PFPO.

46. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

## COUNT I – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

47. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

48. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

49. Plaintiff was qualified to perform the job.

50. Plaintiff was subject to an adverse employment action, including, but not limited to

termination.

51. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

52. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

53. Plaintiff's disabilities motivated Defendant's decision to take adverse actions against Plaintiff.

54. The purported reason for Defendant's decision is pretextual.

55. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

56. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

57. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II – DISABILITY DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

58. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

59. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

60. Plaintiff was qualified to perform the job.

61. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

62. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

63. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

64. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

65. The purported reason for Defendant's decision is pretextual.

66. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

67. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

68. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – DISABILITY DISCRIMINATION
### PHILADELPHIA FAIR PRACTICES ORDINANCE

69. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

70. Plaintiff is a "qualified individual with a disability" as that term is defined under the PFPO because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by

Defendant and its agents as being disabled.

71. Plaintiff was qualified to perform the job.

72. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

73. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

74. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

75. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

76. The purported reason for Defendant's decision is pretextual.

77. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

78. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

79. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – SEX DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

80. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

81. Plaintiff is a member of protected classes in that she is female.

82. Plaintiff was qualified to perform the job for which she was hired.

83. Plaintiff suffered adverse job actions, including, but not limited to termination.

9

84. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

85. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

86. Defendant discriminated against Plaintiff on the basis of her protected class.

87. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

88. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

89. Defendant's conduct was willful or performed with reckless disregard to her federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V – DISCRIMINATION BASED ON SEX
## PENNSYLVANIA HUMAN RELATIONS ACT

90. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

91. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her protected class (female).

92. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

10

## COUNT VI – DISCRIMINATION BASED ON SEX
## PHILADELAPHIA FAIR PRACTICES ORDINANCE

93. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

94. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her protected class (female).

95. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VII – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

96. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

97. Plaintiff engaged in activity protected by the ADA.

98. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

99. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

100. Defendant's conduct/omission was willful or done with reckless disregard to Plaintiff's federally protected statutory rights.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VIII – RETALIATION
## <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>

101. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

102. Plaintiff engaged in activity protected by Title VII.

103. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

104. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

105. Defendant's conduct/omission was willful or done with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IX – RETALIATION
## <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

106. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

107. Plaintiff engaged in activity protected by the PHRA.

108. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

109. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT X – RETALIATION
## PHILADELPHIA FAIR PRACTICES ORDINANCE

110. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

111. Plaintiff engaged in activity protected by the PFPO.

112. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

113. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Nikida Jones, requests that the Court grant her the following relief against Defendant:

(a)    Compensatory damages;

(b)    Punitive damages;

(c)    Emotional pain and suffering;

(d)    Reasonable attorneys' fees;

(e)    Recoverable costs;

(f)    Pre and post judgment interest;

(g)    An allowance to compensate for negative tax consequences;

(h)    A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA, Title VII, the PHRA and the PFPO.

13

(i)   Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training  programs, policies, practices and programs which provide equal employment opportunities;

(j)   Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k)   Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

**JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

**CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: August 6, 2026          By:  */s/David M. Koller*
                                   David M. Koller, Esquire
                                   Jordan D. Santo, Esquire
                                   2043 Locust Street, Suite 1B
                                   Philadelphia, PA 19103
                                   215-545-8917
                                   davidk@kollerlawfirm.com
                                   jordans@kollerlawfirm.com

                                   *Counsel for Plaintiff*

14